IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAUREN PROCTOR<br>6966 Heather Drive<br>Bryans Road, MD 20616<br><br>PLAINTIFF,<br><br>v.<br><br>JSPB INDUSTRIES, INC. DBA<br>SERVPRO OF OXON HILL<br>4441 Southern Business Park Drive<br>White Plains, MD 20695<br><br>SERVE: JONATHAN STROUP,<br>        RESIDENT AGENT<br>8348 Venture Drive<br>Waldorf, MD 20603<br><br>and<br><br>JONATHAN STROUP<br>8348 Venture Drive<br>Waldorf, MD 20603<br><br>DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>*   Case No. 20-2895<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

*************************************************************************

## COMPLAINT

Plaintiff Lauren Proctor ("Plaintiff"), by and through undersigned counsel, hereby files her Complaint against Defendants JSPB Industries, Inc. DBA SERVPRO of Oxon Hill ("SERVPRO") and Jonathan Stroup ("Stroup"), to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"); for unpaid wages, interest, reasonable attorney's fees, and costs under the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter "MWHL"); and for unpaid wages, treble damages, interest, reasonable

attorney's fees, and costs under the Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment Article §§ 3-501 *et seq.* (hereinafter "MWPCL").

## PARTIES AND JURISDICTION

1. Proctor is an adult resident of the State of Maryland. Proctor's consent to participate as a Plaintiff in an FLSA action is attached hereto.

2. SERVPRO is a corporation formed under the laws of the State of Maryland with its principal place of business in White Plains, Charles County, Maryland. SERVPRO is in the business of providing fire and water clean-up and restoration services. SERVPRO is a franchise of the national corporation with the same name providing similar services around the country.

3. Stroup is the principal owner and operator of SERVPRO.

4. At all times relevant to this action, SERVPRO operated continuously in the State of Maryland. During the relevant time period, Proctor worked for Defendants providing marketing services, primarily out of the SERVPRO offices in White Plains, Maryland.

5. At all times relevant to this action, SERVPRO was an enterprise engaged in interstate commerce within the meaning of the FLSA. At all times relevant to this action, SERVPRO has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

6. At all times relevant to this action, Defendants were Plaintiffs' "employer" within the meaning of the FLSA, MWHL, and MWPCL. Plaintiff was not exempt from the requirements in the FLSA and MWHL that non-exempt employees be paid overtime pay for hours worked in excess of forty (40) in a given work week.

7. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under

any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

8. Proctor has been working for Defendants as Marketing Manager since about July 2017. At all times during her employment with Defendants, Stroup was responsible for making all determinations regarding all aspects of Plaintiff's compensation, including but not limited to Plaintiff's exempt status for purposes of overtime pay, and rate and method of pay, and payment (or not) of earned commissions.

9. Plaintiff was told at her hiring that she would be a salaried employee, exempt from overtime pay. Her starting salary was approximately $50,000 per year, increased in July 2018 to $70,000 per year. In addition to salary, Plaintiff was also promised commissions in the amount of four percent (4%) of gross sales for clients she brought in as well as one percent (1%) of sales brought in by other SERVPRO Marketing Representatives.

10. During the relevant time period, accurate time records of hours worked were not maintained for Plaintiff. During this time, Plaintiff's typical and customary hours worked were approximately 7:00am – 4:00pm, Monday – Friday. Additionally, Plaintiff worked at nights, after hours, and on weekends. From July 2017 through the end of March 2020, Plaintiff worked on average approximately fifty-five (55) hours per week. Plaintiff rarely took time off for lunch, but worked straight through without an uninterrupted 30-minute meal break.

11. Of these approximately 55 hours per week, 40 were "regular" hours, to be paid at Plaintiff's "regular" rate of pay, and 15 were overtime hours, for which Defendants were legally obligated to pay Plaintiff at her overtime rate of 1.5 times her regular rate.

12. At no time did Plaintiff perform work that meets the definition of exempt work under the MWHL, FLSA, and the MWPCL.

13. Defendants' failure to pay Plaintiff as required by the MWHL, MWPCL, and FLSA was willful and intentional, and was not in good faith. Additionally, there existed no *bona fide* dispute as to whether Defendants owe Plaintiff for the hours Plaintiff worked over 40 in each work week, and with respect to other wages due.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

14. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-13 above, as if each were set forth herein.

15. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

16. Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were her "employer" under the FLSA, 29 U.S.C. § 207(a)(2).

17. Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times her regular rate for all hours worked per week in excess of forty (40).

18. As set forth above, Plaintiff worked many overtime hours.

19. As set forth above, Defendants failed and refused to compensate Plaintiff at the FLSA-required overtime rate equal to one-and-one-half (1½) times her regularly hourly rate for her overtime hours worked each week.

20. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Maryland Wage and Hour Law

21. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-20 above, as if each were set forth herein.

22. Plaintiff was an "employee" and Defendants were Plaintiff's "employer" within the meaning of the MWHL.

23. As Plaintiff's "employer," Defendants were obligated to pay Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for hours worked each week in excess of forty (40), as required by the MWHL.

24. While in Defendants' employ, Plaintiff worked many overtime hours but was not properly compensated by Defendants for those overtime hours worked.

25. Overtime pay is due and owing to Plaintiff under the MWHL.

26. Defendants' failure to pay Plaintiff for overtime hours worked as required by the MWHL was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II for unpaid overtime wages in such amounts as are proven at trial, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Maryland Wage Payment and Collection Law

27. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-26 above, as if each were set forth herein.

28. Plaintiff was an "employee" and Defendants were Plaintiff's "employer" within the meaning of the MWPCL.

29. Under the MWPCL § 3-505, Defendants, as Plaintiff's employer, were obligated to pay Plaintiff all wages due for worked performed by Plaintiff. The definition of "wage" under the MWPCL includes overtime wages and commissions.

30. As set forth above, Plaintiff performed work duties for Defendants for which Defendants failed and refused to pay Plaintiff all wages due. Specifically, Defendants failed to pay Plaintiff overtime wages due for overtime hours worked. Additionally, Defendants failed and refused to pay Plaintiff for all commissions due.

31. Defendants owe Plaintiff overtime wages for services performed, which Defendants have failed and refused to pay Plaintiff, as required by law. Defendants also owe Plaintiff for commissions earned by Plaintiff.

32. Defendants' failure and refusal to pay wages due to Plaintiff as required by the MWPCL was not the result of any *bona fide* dispute between Plaintiff and Defendants.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III for all unpaid wages in such amounts as are proven at trial, plus two (2) times the amount of unpaid wages as additional damages, interest (both pre- and post- judgment), reasonable attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____/s/_____
Philip B. Zipin, Bar Number: 03932
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: pzipin@zagfirm.com

*Counsel for Plaintiff*

## CONSENT FORM

I hereby consent to be a plaintiff in a lawsuit brought under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.*

_____
Lauren Proctor                                             October 6, 2020